# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MOHAMED CHAOUDI,**

        **Plaintiff,**

**-vs-**
                                                   **Case No. 6:13-cv-1140-Orl-37DAB**

**WORKFORCE CENTRAL FLORIDA,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **RENEWED MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 18)**
>
> **FILED:**      **October 15, 2013**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED,** the Complaint be **dismissed,** and the Clerk be directed to close the case.

     As set forth twice previously in this matter (Docs. 7, 16), upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered

frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark,* 915 F.2d at 639 (internal citation omitted). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id*. at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*. at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

In evaluating a complaint under Section a document filed *pro se* is to be liberally construed. *Erickson v. Pardus,* 551 U.S. 89,127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555.

In the first Report (Doc.7), adopted by this Court (Doc. 9), the undersigned noted the that the cause or causes of action Plaintiff wished to pursue were not clear from the Complaint:

> The Complaint is lengthy and incorporates a variety of alleged wrongs, pled in a confusing fashion. It appears from the attachments to the Complaint, that Plaintiff may be attempting to allege a claim for national origin employment discrimination against Defendant, described as a "job agency." The allegations, however, are insufficient to meet the pleading standard for such claims.

The District Court dismissed the Complaint, and gave Plaintiff leave to file an amended complaint that *clearly* stated a cause of action (Doc. 9-emphasis original).

Plaintiff responded by filing his Amended Complaint (Doc. 11) and renewing his motion to proceed as a pauper (Doc. 12). In the second Report (Doc. 16), adopted by this Court (Doc. 19), the undersigned determined that the cause of action was "still not clear" as Plaintiff's pleading was "a disjointed list of grievances." The Court found that Plaintiff's failure to comply with Federal Rule 10 made it impossible to determine his cause or causes of action, and recommended dismissal of the Amended Complaint, with leave to re-plead, but:

> Plaintiff should be directed to plead each legal claim in a separate count with special attention paid to each element of each count. Each count must state the factual and legal basis for the claim it sets forth.

(Doc. 16).

Plaintiff has responded to that Recommendation by filing the Second Amended Complaint (Doc. 17) and the instant motion. The pleading still does not adequately identify a cognizable cause of action.

As with the prior pleadings, Plaintiff veers from event to event and grievance to grievance, claiming hostile environment, discrimination, retaliation –all without setting forth the factual or legal basis of each claim.  As indicated in the earlier Report, although a  complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 997, 152 L.Ed.2d 1 (2002), it must still provide 'enough factual matter (taken as true) to suggest' intentional discrimination. *See Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008), *Edwards v. Prime, Inc.,* 602 F.3d 1276, 1300 (11th Cir. 2010) (addressing the effect of *Iqbal* and *Twombly* on the sufficiency of a Title VII hostile work environment claim).   Construed liberally, while it is clear that Plaintiff had difficulties with various persons (whose connection with Defendant is not clear) Plaintiff fails to adequately identify just what adverse employment action he is complaining about, and fails to allege facts sufficient to support a plausible inference that such action was the result of intentional religious or national origin discrimination.  The instant pleading does not comply with the pleading standard and does not support allowing Plaintiff to proceed in forma pauperis.

Plaintiff has had three opportunities to adequately plead his claim in this case and has failed to do so.  While there might be a cognizable cause of action somewhere in the allegations, it is not for the Court to rewrite the pleading for Plaintiff, sufficient to meet the required standards for pleading in federal court.   As the instant pleading fails to meet those standards, it is **respectfully recommended** that the motion to proceed as a pauper be **denied**.

Absent payment of the filing fee, it is further recommended that the Second Amended Complaint be **dismissed**, without leave to re-plead in this docket.  As the Court cannot ascertain the particulars of the cause of action, the dismissal would  not be on the merits.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 24, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy