**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MOHAMED CHAOUDI,

        Plaintiff,

v.                                      Case No. 6:13-cv-1140-Orl-37DAB

WORKFORCE CENTRAL FLORIDA,

        Defendant.

_____

**ORDER**

This cause is before the Court on the following:

1.      Second Amended Complaint (Doc. 17), filed October 15, 2013;

2.      Renewed Motion for Leave to Proceed in Forma Pauperis (Doc. 18), filed October 15, 2013;

3.      Magistrate Judge Baker's Report and Recommendation (Doc. 20), filed October 24, 2013; and

4.      Plaintiffs' Objections to Magistrate Judge's Report and Recommendations (Doc. 21), filed November 7, 2013.

Upon consideration, the Court hereby finds that the Report and Recommendation ("R&R") is due to be adopted in part and Plaintiff's Second Amended Complaint is due to be dismissed without prejudice.

**BACKGROUND**

As the R&R rightly notes, Plaintiff's *pro se* pleadings have been disjointed at best. The Court gathers the following factual allegations from the Second Amended Complaint.

Plaintiff worked for Defendant from November 2009 to June 2010 on a "temporary basis." (Doc. 21, p. 2.) During that time, coworkers allegedly made derogatory comments about Plaintiff's religion and national origin. (Doc. 17, ¶¶ 20–26.) Around June 2010, Plaintiff apparently complained to management about the alleged discrimination. (*Id.* ¶¶ 27–29, 36–37.) Sometime after that, Plaintiff ceased working for Defendant—it is not clear whether Plaintiff was fired, quit, or simply ended his temporary tenure.

Then in February 2012, Plaintiff applied for another position with Defendant, but he was not hired. (*Id.* ¶ 18.) He filed a Charge of Discrimination with the EEOC in November 2012, which was dismissed in April 2013. (Doc. 17-1.) Plaintiff, proceeding *pro se*, then filed this suit and sought to proceed in forma pauperis ("IFP"). (Docs. 1, 2.)

Through several rounds of IFP dismissals, Magistrate Judge Baker has warned Plaintiff that his pleadings do not meet the requisite standards. (Docs. 7, 16.) Plaintiff has now whittled down his claim in the Second Amended Complaint, alleging retaliation, discrimination, and a hostile work environment under Title VII. (Doc. 17.) Magistrate Judge Baker again recommends denial of Plaintiff's IFP motion and submits that the case should be dismissed without leave to replead. (Doc. 20.) Plaintiff objects. (Doc. 21.) This matter is now ripe for the Court's adjudication.

## STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record

independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## DISCUSSION

This Court agrees with Magistrate Judge Baker that the Second Amended Complaint fails to state a claim and should therefore be dismissed. However, out of an abundance of caution due to Plaintiff's *pro se* status, the Court will give Plaintiff one last try to state a claim.

From what the Court can glean from Plaintiff's factual allegations, the only potentially viable claim that Plaintiff is trying to make out is hostile work environment. The elements of a hostile work environment cause of action are: (1) Plaintiff is a member of a protected class; (2) he was subject to unwelcome conduct; (3) the unwelcome conduct was based on his protected class; (4) the unwelcome conduct was so severe or pervasive as to create an abusive working environment; and (5) there is a basis for holding his employer liable. *See Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010). In the third amended complaint, Plaintiff should: (1) list short, plain statements of the relevant facts laid out in chronological order; (2) state the cause of action that he intends to pursue in a separate section labeled as a count, with each element of the cause of action supported by the previously listed facts; and (3) describe what harm has occurred and the relief to which he believes he is entitled.

The Court has given Plaintiff many tries to state a claim. **This will be his last chance.** If the third amended complaint does not comply with the requirements set forth in this Order and in Magistrate Judge Baker's thorough R&Rs (Docs. 7, 16, 20), it will be dismissed and this case will be closed.

**CONCLUSION**

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      Plaintiffs' Objections to Magistrate Judge's Report and Recommendations (Doc. 21) are **OVERRULED**.

2.      Magistrate Judge Baker's Report and Recommendation (Doc. 20) is **ADOPTED IN PART AND REJECTED IN PART**. It is **REJECTED** insofar as it recommends a dismissal with prejudice; in all other ways, it is **ADOPTED AND CONFIRMED** and made a part of this Order.

3.      Renewed Motion for Leave to Proceed in Forma Pauperis (Doc. 18) is **DENIED**.

4.      Second Amended Complaint (Doc. 17) is **DISMISSED WITHOUT PREJUDICE**.

5.      On or before Monday, **December 16, 2013**, Plaintiff is given leave to file a third amended complaint that complies with the directives set forth in this Order and in Magistrate Judge Baker's R&Rs (Docs. 7, 16, 20). Failure to comply with those directives will result in a final dismissal of this action.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 26, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Honorable David A. Baker