**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MOHAMED CHAOUDI,

    Plaintiff,

v.                                          Case No. 6:13-cv-1140-Orl-37DAB

WORKFORCE CENTRAL FLORIDA,

    Defendant.

## ORDER

This cause is before the Court on the following:

1. Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint for Failure to Exhaust Administrative Remedies and Failure to State a Cause of Action (Doc. 31), filed March 14, 2014; and

2. Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 40), filed April 29, 2014.

Upon consideration, the Court finds that the motion is due to be granted in part and denied in part.

## BACKGROUND

After several rounds of inadequate pleadings, Plaintiff, proceeding *pro se*, filed the Third Amended Complaint, alleging one count of "National Origin and Religion Discrimination." (Doc. 23.) Plaintiff, an Arab and a Muslim, worked for Defendant on a temporary basis from November 2009 through June 2010. (*Id.* ¶ 1.) He claims that during that period, he was subject to unwelcome comments based on his national origin and religion. (*Id.* ¶¶ 4, 9.)

About two years after Plaintiff's temporary term of employment ended, he went to a job fair hosted by Defendant to seek another job. (*Id.* ¶ 27.) At the fair, Plaintiff stood in line to apply for the position of Resource Room Technician, for which he claims he was well-qualified. (*Id.* ¶¶ 36, 42.) Another job seeker, an African-American, stood behind Plaintiff in line. (*Id.* ¶ 44.) Plaintiff alleges that while he was standing in line, one of the recruiter's colleagues, an African-American, whispered something to the recruiter. (*Id.* ¶ 37.) The recruiter then took a cursory look at Plaintiff's resume, set it aside, and asked him to come back later. (*Id.* ¶ 43.) The recruiter proceeded to hire the African-American job seeker standing directly behind Plaintiff in line. (*Id.* ¶ 44.) When Plaintiff returned, he was told that there were no more open positions. (*Id.* ¶ 46.)

A few months later, Plaintiff filed an EEOC charge against Defendant, complaining of Defendant's failure to hire him at the job fair. (*Id.* ¶ 22; *see also* Doc. 31, pp. 13–15.) The charge did not mention any alleged discrimination during Plaintiff's previous employment with Defendant. (*See* Doc. 31, pp. 14–15.) The EEOC found that it was "unable to conclude" that Plaintiff's allegations established a statutory violation. (*Id.* at 13.)

Plaintiff then initiated this case. (Docs. 1, 23.) Defendant moved to dismiss. (Doc. 31.) Plaintiff responded. (Doc. 40.) This matter is now ripe for the Court's adjudication.

## STANDARDS

Federal Rule of Civil Procedure 8(a)(2) provides that a claimant must plead "a short and plain statement of the claim." On a motion to dismiss, the Court limits its consideration to "the well-pleaded factual allegations, documents central to or referenced in the

complaint, and matters judicially noticed."[1] *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. *Twombly*, 550 U.S. at 555.

## DISCUSSION

Despite multiple opportunities, Plaintiff's claims are inartfully pled. Nevertheless, the Court discerns that Plaintiff is complaining of two separate instances of discrimination: the unwelcome comments he received during his employment and the failure to hire him during the job fair.[2]

As to the unwelcome comments during Plaintiff's initial term of employment, Defendant argues that claims based on that conduct are barred because Plaintiff failed to timely file an EEOC charge about the comments. (Doc. 31, p. 5.) The Court agrees.

---

[1] Though Plaintiff did not attach the EEOC charge (Doc. 31, pp. 13–15) to the Third Amended Complaint, he did attach it to each of his previous complaints (Docs. 1-1, 11-1, 17-1) and it is central to his claim; therefore, the Court will consider the EEOC charge in analyzing the sufficiency of the claim.

[2] In Plaintiff's response to the motion to dismiss, he confusingly raises allegations of retaliation after the job fair. (Doc. 40, p. 10.) He states that he was hired by a different employer at the fair, though Defendant was still somehow his employer of record, and that he worked in that job from February through August 2012. (*Id.*) He alleges that he was fired on Defendant's orders as retaliation for his EEOC complaint. (*Id.* at 10–11.) This contention is puzzling, as Plaintiff did not file his EEOC complaint until months later, in November 2012, and thus could not have been fired in retaliation before he even filed the complaint. (Doc. 31, p. 15.) Regardless, the allegations of retaliation were not clearly pled in the Third Amended Complaint and thus are not considered here. Any such claims are due to be dismissed, as Plaintiff has had many chances to plead his case.

3

"[A]s a condition precedent to filing a [discrimination] law suit an individual must exhaust his administrative remedies by filing a charge of unlawful discrimination with the EEOC." *Giles v. BellSouth Tellecomms., Inc.*, 542 F. App'x 756, 758 (11th Cir. 2013). A plaintiff is not permitted to raise "new acts of discrimination" in the lawsuit that he has not administratively exhausted in the EEOC charge. *See id.* at 759 ("Because [the plaintiff's] hostile workplace claim is a 'new act of discrimination' not exhausted in his administrative charge, [the plaintiff] was barred from raising the claim in his complaint."). As the only claim raised in the instant EEOC charge was disparate treatment in hiring, all of Plaintiff's other claims are barred for failure to exhaust administrative remedies.[3]

As to Defendant's failure to hire Plaintiff at the job fair, the Court finds that Plaintiff has adequately pled a claim for discrimination based on a theory of disparate treatment. The elements of that claim are: (1) the plaintiff is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class or treated less favorably than a similarly situated comparator outside his protected class. *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003). Here, Plaintiff has alleged that: (1) he is an Arab and a Muslim; (2) he was well-qualified for the position for which he applied; (3) he was not hired for the position; and (4) a person outside of his protected class was hired instead.

---

[3] Even if the Court were to consider Plaintiff's contention that he was subject to certain unwelcome comments during his employment (Doc. 23, ¶¶ 9–15), any potential claim that Plaintiff could make out based on a hostile work environment theory is likely inadequately pled. Plaintiff has not alleged sufficient facts to demonstrate that the content and frequency of the comments were so "severe or pervasive [as] to alter the terms and conditions of employment," a high bar to clear in the U.S. Court of Appeals for the Eleventh Circuit. *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010) (citation and internal quotation marks omitted); *see also Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1247 (11th Cir. 1999).

(Doc. 23, ¶¶ 36–44.) That is all that is required at this early stage of the proceedings. Therefore, this claim—and only this claim—may proceed.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint for Failure to Exhaust Administrative Remedies and Failure to State a Cause of Action (Doc. 31) is **GRANTED IN PART AND DENIED IN PART**.

2. The motion is **DENIED** as to Plaintiff's discrimination claim based on a theory of disparate treatment in hiring. That claim shall proceed.

3. The motion is **GRANTED** in all other respects. All of Plaintiff's other claims, including those based on a theory of hostile work environment during Plaintiff's employment and those based on retaliation, are **DISMISSED WITH PREJUDICE**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 22, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

*Pro Se* Party