**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MOHAMED CHAOUDI,

        Plaintiff,

v.                                                    Case No. 6:13-cv-1140-Orl-37DAB

WORKFORCE CENTRAL FLORIDA,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Memorandum in Support of Plaintiff['s] Motion for Reconsideration and Motion to Reopen Discovery (Doc. 78)[1], filed July 7, 2015; and

2. Defendant's Memorandum in Opposition to Plaintiff's Motion for Reconsideration and Motion to Reopen Discovery (Doc. 83), filed July 16, 2015.

**BACKGROUND**

Upon finding that Plaintiff did not meet his burden of establishing a prima facie case of disparate treatment in this employment discrimination action (*see* Doc. 76 (the "SJ Order")), the Court entered judgment against Plaintiff and in favor of Defendants (Doc. 77). Plaintiff now moves the Court to reconsider its SJ Order. (Doc. 78-2.) Defendant opposes. (Doc. 83.) The matter is ripe for the Court's adjudication.

---

[1] Plaintiff's nearly incomprehensible Motion contains incomplete arguments and appears to be a rough draft. (*See* Doc. 78.) However, Plaintiff attached to it a corrected and completed draft of the Motion. (*See* Doc. 78-2 ("Plaintiff's Corrections to Memorandum").) Thus, when taking the Motion (Doc. 78) under advisement, the Court will consider the arguments raised in Plaintiff's Corrections to Memorandum (Doc. 78-2).

Reconsideration typically requires: (1) newly discovered evidence; (2) demonstrated clear error or manifest injustice; or (3) an intervening change in the controlling law. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).

Plaintiff asserts that reconsideration is warranted "based on new evidence." (Doc. 78-2, p. 4.) In granting summary judgment, the Court considered the fact that Defendant's hiring employee, Brandon Edmonds, claimed that he did not hire Plaintiff as a Resource Room Technician ("RTT") intern because Plaintiff rated his Microsoft Excel skills at a level five out of ten. (Doc. 71-2, ¶¶ 5–6; Doc. 73-4, pp. 10, 18, 24.) Plaintiff now argues that Defendant did not have a practice of asking RTT intern applicants to rate their Microsoft Excel skills and that current RTT interns "had little or no knowledge of the MS Excel program."[2] (Doc. 78-2, pp. 4–5; Doc. 78-1, p. 2.) This argument is based on information previously available to Plaintiff and thus does not constitute "newly discovered evidence." (*See* Doc. 78-1 (stating that Plaintiff learned of this information on February 10, 2012).) Indeed, Plaintiff himself acknowledges that this argument is being made "after further review of numerous materials," none of which he claims are newly discovered. (Doc. 78-2, p. 4.) Therefore, reconsideration is not warranted. *See Prieto v. Storer Commc'ns, Inc.*, 152 F.R.D. 654, 655 (M.D. Fla. 1994) ("[T]he Court does not abuse its

---

[2] Plaintiff also argues that: (1) even though Defendant contends that its internship positions did not guarantee permanent employment, some of the other interns continue to work for Defendant since their internships ended (Doc. 78-2, pp. 5–6); and (2) Defendant's "contentions that [Plaintiff's] performance was poor, are nothing but a pretext to support [its] termination of him" (*id.* at 7 (alterations and internal quotation marks omitted).) Plaintiff fails to explain, and the Court cannot reasonably discern, how either of these arguments are relevant to the question of disparate treatment in his hiring. Accordingly, they are rejected.

discretion if it denies a motion to reconsider which is based upon evidence that could have been introduced during the pendency of the motion for summary judgment.").

Additionally, Plaintiff requests that the Court reopen discovery, which the Court construes as a motion for modification of its Case Management and Scheduling Order ("CMSO"). (Doc. 78-1, pp. 7–8.) Plaintiff's request is premised on, *inter alia*, an unsupported allegation that Defendant "did not comply with the discovery practice as required by the Federal law." (*See id.*) Absent a showing of "good cause" as to why discovery should be reopened (*see* Doc. 53, p. 5 (citing Fed. R. Civ. P. 16(b)(4))) or how his failure to act in accordance with the CMSO deadlines was based on "excusable neglect" (*see* Fed. R. Civ. P. 6(b)(1)(B)), the Court finds that Plaintiff's Motion is due to be denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration and Motion to Reopen Discovery (Doc. 78) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 21, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Pro Se Party